## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DARNETTA CARTER,                          )
                                          )
         Plaintiff,                       )
                                          )
v.                                        )          No. 4:23-CV-651 RLW
                                          )
CENTENE MANAGEMENT                        )
COMPANY, LLC,                             )
                                          )
         Defendant.                       )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Centene Management Company, LLC's ("Centene") motion to dismiss for failure to state claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 19.) Self-represented Plaintiff Darnetta Carter opposes the motion, and the matter is fully briefed.  For the reasons set forth below, the Court will grant defendant's motion and dismiss the complaint for failure to state a claim.

## I. BACKGROUND

Plaintiff, an African American woman, is a former Centene employee.  On September 12, 2019, she filed a charge of discrimination ("2019 charge") with the Missouri Commission for Human Rights ("MCHR").  The MCHR 2019 charge was considered dually-filed with the Equal Employment Opportunity Commission ("EEOC"). *Id*.

In the 2019 charge, Plaintiff checked the box for "retaliation" and asserted a single claim for retaliation.  The 2019 charge alleges Centene began to retaliate against her at the end of 2018 because she filed an earlier charge for race discrimination in February 2018 ("2018 charge").  *Id*. Plaintiff alleges Centene left her alone "for a little while," but that things "began to change" at the end of 2018. *Id*. Specifically, Plaintiff's 2019 charge alleges she was picked on, harassed, and

1

monitored constantly. *Id.* Plaintiff alleges she received complaints that her writing was "not good," complaints regarding her lack of timely responses to emails, and that Centene was "going through her charts." *Id.* Plaintiff's 2019 charge alleges that a Centene manager, William Schuette, told her that she was "antiquate" and asked her to create daily reports on her work while others were not asked to do the same. *Id.* Plaintiff alleged that Centene passed her up for another position because she had been "written up" for improper clock-ins and the unauthorized use of overtime. *Id.*

Three and one-half years later, on February 15, 2023, the EEOC issued a dismissal and notice of right-to-sue.

On May 15, 2023, Plaintiff filed her pro se complaint in this Court. (Doc. 1, "original complaint"). She incorporated by reference her 2019 charge and EEOC notice of right-to-sue and filed them as attachments to her complaint. (Doc. 1, at 9-11). Plaintiff relied on her 2019 charge to form the factual allegations of her original complaint and asserted violations of the ADA, ADEA, and Title VII. (Doc. 1, ¶ 12).

On July 17, 2023, Centene moved to dismiss the original complaint on the grounds that Plaintiff had failed to exhaust her administrative remedies as to her ADA, ADEA, and Title VII claims since she did not raise these claims in her 2019 charge. (Doc. 15). Centene further argued Plaintiff failed to allege sufficient facts to state a claim for retaliation, the sole claim in her 2019 charge. *Id.* Plaintiff opposed the motion, and Centene replied. (Docs. 16, 17).

On September 1, 2023, Plaintiff filed an amended complaint.[1] (Doc. 18). In the amended complaint, Plaintiff asserts she was she was discriminated against because of her race,

---

[1] Although Plaintiff did not seek leave of court to file her amended complaint, Rule 15 of the Federal Rules of Civil Procedure directs the Court to freely grant leave to amend when justice so requires. *Fed.R.Civ. P. 15(a)(2)*. The Court will therefore grant leave to amend and treat Plaintiff's amended complaint as the operative complaint.

color, age, disability, and "other" in violation of Title VII, the ADA, and the ADEA. (Doc. 18). She does not set forth any factual allegations regarding disability discrimination. (Doc. 18). She does not describe what "other" discrimination she is referring to.  She reiterates her allegations from her original complaint while asserting additional claims that "she was subjected to slurs by staff, harassed, and discriminated against" and that she was a "licensed clinical social worker." (Doc. 18, ¶ 1).

## II.  DISCUSSION

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quoting *Iqbal,* 556 U.S. at 678).  Courts liberally construe a pro se complaint, which "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Centene argues Plaintiff's ADA, ADEA, and Title VII race and other claims should be dismissed because Plaintiff failed to exhaust administrative remedies.  The Court agrees.

Prior to bringing suit under Title VII, a plaintiff must first file a charge of discrimination with the EEOC. *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1851 (2019).  After a charge is filed, the plaintiff must obtain a right-to-sue letter from the EEOC before bringing Title VII claims in federal court. *See Stuart v. General Motors Corp.,* 217 F.3d 621, 630 (8th Cir. 2000).  Receipt of a Right-to-Sue letter is a "condition precedent" to filing a discrimination suit.  "Allegations outside the scope of the EEOC charge circumscribe the EEOC's investigatory and

conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000) (citation omitted).

Here, in her amended complaint, Plaintiff purports to bring claims pursuant to Title VII, the ADEA, and the ADA, and alleges she was discriminated against because of her race, color, age, disability, and "other."  (Doc 18, ¶ 1, 10). Her amended complaint, on its own, does not identify any facts supporting her allegations of Title VII, ADEA, and/or ADA violations. When asked on the form complaint to state the essential facts of her claims, she refers to her 2019 charge. (Doc. 18 at ¶ 12).

Plaintiff's 2019 charge, however, does not show checked boxes for race, color, age, disability, or "other."  *Id*.  The narrative set forth in her 2019 charge alleges facts related to a claim of retaliation, but makes no mention whatsoever of discrimination based on race, color, disability, age, or some "other" form of discrimination. The Court agrees with Centene that no reading of Plaintiff's 2019 charge can reasonably be construed as raising any claim of discrimination based on race, color, age, or disability.  As a result, the Court concludes Plaintiff failed to exhaust administrative remedies as to her race, color, age, and disability claims, and thus, dismissal of these claims is appropriate.  These claims will be dismissed for failure to exhaust.

Because Plaintiff's claims for race, color, age, and disability discrimination will be dismissed, only Plaintiff's claim for retaliation remains.  Centene argues Plaintiff fails to state a claim on her remaining retaliation claim.  The Court agrees.

To state a claim for Title VII retaliation for filing a charge of discrimination, Plaintiff must state sufficient facts alleging (1) she filed a charge of discrimination; (2) Centene took adverse action against her; and (3) any adverse action was linked to the filing of the charge. *Cronquist v. City of Minneapolis*, 237 F.3d 920, 929 (8th Cir. 2001) (stating *prima facie* elements of retaliation

4

claim for filing a charge of discrimination); *see also Kipp v. Missouri Highway and Transp. Com'n.*, 280 F.3d 893, 898 (8th Cir. 2002) (same).

In the context of a Title VII retaliation claim, "[a]n adverse employment action is a tangible change in working conditions that produces a material employment disadvantage. This might include termination, cuts in pay or benefits, and changes that affect an employee's future career prospects." *Wagner v. Campbell*, *779 F.3d 761, 766* (8th Cir. 2015) citing *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007). However, "not everything that makes an employee unhappy is an actionable adverse action." *Duffy v. McPhillips*, 276 F.3d 988, 991-92 (8th Cir. 2002) quoting *Bechtel v. City of Belton*, 250 F.3d 1157, 1162 (8th Cir. 2001). "Minor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage, do not rise to the level of an adverse employment action." *Wagner*, 779 F.3d at 767-768.

A plaintiff can establish a causal connection between his complaints and an adverse action through circumstantial evidence, such as the timing of the two events. *Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 761 (8th Cir. 2004). Although not dispositive, the length of time between a plaintiff's protected activity and the alleged adverse action further weakens a plaintiff's claim of causation. "A gap in time between the protected activity and the adverse employment action weakens an inference of retaliatory motive." *Hesse v. Avis Rent A Car Sys., Inc.*, 394 F.3d 624, 633 (8th Cir. 2005). "With this lengthy delay, any causal nexus inference tends to evaporate." *Shanklin v. Fitzgerald*, 397 F.3d 596, 602 (8th Cir. 2005) (holding the plaintiff failed to establish causal connection where ten months elapsed between the plaintiff's discrimination charge and her subsequent discharge).

Plaintiff's amended complaint falls far short.  Other than stating the word "retaliation," the amended complaint provides no facts to support such a claim.  (Doc. 18).  Specifically, Plaintiff has

not pled sufficient facts to state a retaliation claim because she has not pled the existence of an adverse action or a causal link between her February 2018 charge and her alleged adverse action as a matter of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (complaint must by itself contain "sufficient factual matter, if accepted as true, to state a claim for relief" on a retaliation claim "that is plausible on its face.").

Further, Plaintiff's allegations of mistreatment in her 2019 charge do not meet the standard for adverse employment actions as a matter of law. Plaintiff's 2019 charge asserts discreet incidents occurring over the course of a year, specifically, additional monitoring of her work, criticisms about her writing, criticisms regarding her slow response to emails, a requirement to conduct daily reports of her work, and denial of her application for another position due to a disciplinary write-up in her file. These events, while perhaps unwelcome or unpleasant, do not meet the definition of an adverse employment action as a matter of law. *See Wagner v. Campbell, 779 F.3d 761, 766* (8th Cir. 2015).

Plaintiff also fails to state facts sufficient to support any inference of a causal connection between her alleged adverse employment actions and the filing of her February 2018 charge. Plaintiff states in her 2019 charge that she did not experience any of the events that she believes constitute adverse employment actions until the end of 2018, almost one year after she filed her February 2018 charge. Plaintiff's filing of her February 2018 charge, therefore, is too attenuated in temporal proximity to her alleged adverse employment actions to support an inference of a causal connection between the two. *Cf. Kipp*, 280 F.3d at 897 (8th Cir. 2002) (finding interval of two months between charge of discrimination and adverse action was "so dilute an inference of causation" that the temporal connection did not warrant a finding in plaintiff's favor of a causal link); *see also Littleton v. Pilot Travel Ctrs., LLC*, 568 F.3d 641, 645 (8th Cir. 2009) (finding a seven-month period between protected activity and adverse action was "insufficiently

6

contemporaneous" to indicate a causal connection).  Based on the above, the Court concludes Plaintiff has not pled sufficient facts to state a claim for retaliation under Title VII.  This claim will be dismissed.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant Centene's motion to dismiss and dismiss plaintiff's amended complaint in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Centene Management Company's motion to dismiss directed to the amended complaint is **GRANTED.**  (Doc. 19).

**IT IS FURTHER ORDERED** that Defendant Centene Management Company's motion to dismiss directed to the Original Complaint is **DENIED** as moot.  (Doc. 14).

An Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of January, 2024.